# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FLOYD THOMAS WILLIAMSON,**

        **Petitioner,**

  **v.**                 **Case No. 10-C-1124**

**DEIRDRE MORGAN,**

        **Respondent.**

## ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS

On December 13, 2010 Floyd Thomas Williamson ("Williamson"), a person incarcerated pursuant to a state court judgment, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Accompanying the petition was a motion for leave to proceed in forma pauperis. The petitioner's institutional trust account statement revealed that he had the assets to be able to pay this filing fee. Therefore, the petitioner's request to proceed in forma pauperis was denied by this court on December 14, 2010. (Docket No. 5.) The court ordered the petitioner to pay the filing fee no later than January 14, 2011.

The petitioner paid the filing fee on January 18, 2011. Although untimely and the court explicitly warned the petitioner "**Failure to pay the filing fee by January 14, 2011 will result in this petition being dismissed**," (Docket No. 5 (emphasis in original)), the court shall nonetheless proceed to screen Williamson's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. However, the court reiterates that any failure to comply with a court order will likely result in significant consequences including dismissal of the action with prejudice.

In addition to paying the filing fee, Williamson has consented to the full jurisdiction of a magistrate judge. Pursuant to the petitioner's consent, this court has authority under 28 U.S.C.§ 636(c) to enter a final order with respect to the petitioner. See, e.g., Cincinnati Ins. Cos. v. Hamilton Beach/Proctor-Silex, Inc., 2005 U.S. Dist. LEXIS 42703 (N.D. Ind. Dec. 13, 2005). Therefore, the court must now screen Williamson's petition in accordance with Rule 4.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

Having reviewed Williamson's petition, it plainly appears that he is not entitled to relief in the district court and therefore his petition shall be dismissed. Williamson contends that the circuit court erred in calculating the time he spent incarcerated prior to his conviction. Williamson states he was detained on May 20, 2005 and convicted on December 5, 2005. (Docket No. 1 at 9.) Thus, he argues he is entitled to 222 days of credit. (Docket No. 1 at 9.) It is unclear how he arrived at the 222 day figure because this period spans only 199 days. But in any event, he states that he has been credited with only 143 days. He seeks relief for the additional days he spent in custody allegedly improperly.

However, rather than seeking this court to order that he be credited for 56 days he spent in custody and thus released 56 days earlier, Williamson seeks relief in the form of only monetary damages. Monetary damages are not available directly through a petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); see also Heck v. Humphrey, 512 U.S. 477, 487 (1994). Generally, the most relief a federal court may afford a habeas petitioner is ordering his release from custody.

Williamson need not request release from custody because, since the filing of his petition, he has already obtained this, having served out his sentence. Thus, the fact that Williamson is no longer

incarcerated is a second bar to his petition. Relief under § 2241 is limited to persons who are "in custody." Although certain restraints upon freedom other than being confined in a jail or prison might constitute custody under § 2241, see Virsnieks v. Smith, 521 F.3d 707, 717-18 (7th Cir. 2008), Williamson makes no indication that these alternative paths are open to him.

An individual seeking monetary damages as a result of having been allegedly held in custody in excess of his sentence is generally limited to seeking relief by way of a civil lawsuit for damages, for example under 28 U.S.C. § 1983. It is up to a litigant to decide which route is proper for his claim but a § 2241 petition is clearly not the proper vehicle for the relief that Williamson seeks. Therefore, Williamson's petition shall be dismissed.

**IT IS THEREFORE ORDERED** that Williamson's petition is hereby **dismissed**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 19th day of January, 2011.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
